UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MELQUIS UMANA AGUILAR, a/k/a MELQUIS O. UMANA-AGUILAR individually, and d/b/a WINGS EMPIRE; and RIBSAN FOODS, INC., an unknown business entity d/b/a WINGS EMPIRE,<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv465 JM (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") moves for entry of default judgment against Defendants Melquis Umana Aguilar, a/k/a Melquis O. Umana-Aguilar, individually and d/b/a Wings Empire and Ribsan Foods, Inc., an unknown business entity d/b/a Wings Empire (collectively, "Defendants"). (Doc. No. 10.) Aside from filing a joint motion for an extension of time to answer the complaint, (Doc. No. 5), Defendants have not participated in this action. The court finds this matter appropriate for decision without oral argument pursuant to Local Rule 7.1(d)(1) and, for the reasons set forth below, enters default judgment against Defendants in the total amount of $18,800.

///

1

# BACKGROUND

Plaintiff contracted for the exclusive, nationwide commercial distribution rights to <u>Saul Alvarez v. Julio Cesar Chavez, Jr. Super Middleweight Championship Right Program</u> and associated under-card ("the Program"), telecast on Saturday, May 6, 2017. (Doc. No. 1 ("Compl.") ¶16.) Plaintiff entered into agreements with sub-licensees to broadcast the Program for a fee. (Compl. ¶ 17.) Defendants were not authorized to broadcast the Program, but an investigator observed and documented, in a sworn affidavit, the exhibition of the Program at Wings Empire. (Doc. No. 10-3.) The investigator observed five televisions displaying the Program in an establishment with a capacity for approximately 30 people, with 7–15 people present. (<u>Id.</u>) The investigator rated the establishment as "good," and no cover charge was imposed to enter. (<u>Id.</u>)

On March 2, 2018, Plaintiff filed its complaint in this action, alleging (1) violation of 47 U.S.C. § 605, (2) violation of 47 U.S.C. § 553, (3) conversion, and (4) violation of California Business and Professions Code § 17200, et seq. Plaintiff served Defendants with the complaint and summons on March 21, 2018, and April 4, 2018. (<u>See</u> Doc. Nos. 4, 7.) On April 4, 2018, Defendants filed a joint motion for an extension of time to answer the complaint. (Doc. No. 5.) The court granted the motion, giving Defendants until May 5, 2018, to answer or otherwise respond to the complaint. (Doc. No. 6.) Defendants never responded to the complaint. Accordingly, the Clerk of Court entered default against Defendants on June 13, 2018. (Doc. No. 9.)

Plaintiff now moves the court for default judgment against Defendants with respect to Plaintiff's claims under 47 U.S.C. § 605 and for conversion.

# LEGAL STANDARDS

After the Clerk of Court enters default, the party entitled to judgment "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). The granting or denying of a default judgment is within the court's sound discretion. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."

TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (internal quotations and citations omitted). As to damages, the court may hold hearings to determine the proper amount, Fed. R. Civ. P. 55(b), or may evaluate other admissible evidence, Amini Innovation Corp. v. KTY Int'l Mktg., 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Ch. 6 (2009)). Where the party is entitled to reasonable attorneys' fees, either by contract or statute, the court will determine the amount to be awarded. James v. Frame, 6 F.3d 307, 311 (5th Cir. 1993).

The court considers the following factors in determining whether to grant a default judgment: (1) the substantive merits of the plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5) the possibility of dispute as to any material facts in the case; (6) whether excusable neglect caused the default, and (7) policy considerations militating in favor of considering cases on their merits rather than resolving matters through default judgment procedures. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## DISCUSSION

### I. Default Judgment

Regarding the first three Eitel factors, the allegations in Plaintiff's complaint express a claim for violation of 47 U.S.C. §§ 553, 605 and conversion. Title 47 U.S.C. §§ 553 and 605 prohibit the unauthorized receipt of satellite signals. 47 U.S.C. §§ 553(a), 605(a). Conversion requires ownership or a right to possession of property, wrongful disposition of that right, and damages. Tyrone Pac. Int'l, Inc. v. MV Eurychili, 658 F.2d 664, 666 (9th Cir. 1981). Plaintiff's complaint alleges that Plaintiff owned the rights to the Program and that Defendants intercepted, received, and exhibited the Program. (Compl. ¶¶ 16, 19.) Plaintiff alleges that it suffered financial loss as a result of Defendants' conduct. Because the court presumes these allegations to be true, TeleVideo Sys, 826 F.2d at 917–18, and Plaintiff has offered a sworn affidavit from the investigator who observed and documented Defendants' violation, (Doc. No. 10-3), Plaintiff has sufficiently alleged meritorious claims

against Defendants.[1]

Next, as to the fourth factor, Plaintiff will be prejudiced if default judgment is not entered because Plaintiff has no other means to recover from Defendants. Thus, this factor weighs in favor of granting Plaintiff's motion.

Finally, with regard to the final three factors, there is unlikely to be a dispute as to the material facts because Defendants have failed to defend themselves, and there is no indication that such failure is due to excusable neglect. Thus, no policy considerations weigh against resolving this matter by way of default judgment.

Therefore, the court grants Plaintiff's motion for default judgment with respect to its claims under 47 U.S.C. § 605 and for conversion.

**II. Damages**

Plaintiff seeks $6,600 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and $20,000 in enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii). Additionally, Plaintiff seeks $2,200 in conversion damages.

**A. 47 U.S.C. § 605**

Under Section 605, the Court may award between $1,000 and $10,000 for each violation as it considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). The statute also allows the court to increase its award by no more than $100,000 when the violation has been "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

Plaintiff seeks $6,600 in statutory damages, three times the commercial licensing fee. Plaintiff argues that awarding only the licensing fee undervalues the Program and fails to compensate Plaintiff adequately because the availability of unauthorized access to the

---

[1] The court notes that Plaintiff has demonstrated that Defendant Melquis Umana Aguilar, a/k/a Melquis O. Umana-Aguilar, had "a right and ability to supervise the violations and . . . a strong financial interest in such activities" J & J Sports Prods., Inc. v. Mikhael, 2016 WL 2984191, at *2 (C.D. Cal. May 19, 2016), and thus may be held liable as an individual. (See Compl. ¶¶ 7–8; Doc. No. 11, Exs. 1–2.)

Program reduces demand and depresses prices.

Plaintiff also asserts that enhanced damages are appropriate, and seeks $20,000. Plaintiff's President, Mr. Gagliardi, claims that Plaintiff has gone to great lengths to curb the unauthorized interception of its programming because of the millions in lost revenue resulting from piracy of broadcasts, and indicates that the state of the technology is such that the programming cannot be mistakenly or accidentally intercepted. (Doc. No. 10-2 ("Gigliardi Aff.") ¶¶ 5–6, 12–13.) Defendants' default also serves as admission that they willfully violated § 605 for financial gain. See Joe Hand Promotions, Inc. v. Sorondo, 2011 WL 4048786, at *3 (E.D. Cal. Sept. 9, 2011) ("By default, Defendants admitted to willfully violating Section 605 for the purposes of commercial advantage."). Additionally, the court considers the number of televisions (five), the modest number of patrons present (7–15), and that the establishment did not charge a cover fee.

As a result, the court awards Plaintiff $6,600 in statutory damages and $10,000 in enhanced damages.

### B. Conversion

Plaintiff has presented the court with evidence that Defendants could have legally purchased the right to broadcast the Program for $2,200. (Gigliardi Aff., Ex. 2 (listing $2,200 as the rate to purchase the Program for an establishment with seating for 1–100).) Accordingly, the court awards $2,200 in conversion damages.

### III. Attorneys' Fees

Under Section 605(e)(3)(B)(iii), the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff requests the court grant it fourteen days from the entry of judgment to file a motion for costs and attorneys' fees. The court grants Plaintiff's request.

///

///

///

## CONCLUSION

For the foregoing reasons, the court grants Plaintiff's motion for default judgment with respect to Plaintiff's claims under 47 U.S.C. § 605 and for conversion. Plaintiff is entitled to a monetary judgment against Defendants as follows:

| | | |
|---|---|---|
| 1. | Statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) | $6,600.00 |
| 2. | Enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii) | $10,000.00 |
| 3. | Conversion damages | $2,200.00 |
| | TOTAL: | $18,800.00 |

Plaintiff has *fourteen (14) days* from entry of judgment to file a motion for costs and attorneys' fees. The court shall retain jurisdiction over this action for six months or until the judgment is satisfied, and may issue further orders as necessary to enforce the provisions of this order.

IT IS SO ORDERED.

DATED: July 31, 2018

_____
JEFFREY T. MILLER
United States District Judge