UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MELQUIS UMANA AGUILAR; and RIBSAN FOODS, INC.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv465 JM (BGS)<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS** |

Plaintiff G&G Closed Circuit Events, LLC moves for attorneys' fees and costs following entry of default judgment against Defendants Melquis Umana Aguilar, a/k/a Melquis O. Umana-Aguilar, individually and d/b/a Wings Empire and Ribsan Foods, Inc., an unknown business entity d/b/a Wings Empire. (Doc. No. 14.) Having carefully considered the motion and court record, the court grants Plaintiff's motion in part.

## BACKGROUND

Plaintiff contracted for the exclusive, nationwide commercial distribution rights to <u>Saul Alvarez v. Julio Cesar Chavez, Jr. Super Middleweight Championship Right Program</u> and associated under-card ("the Program"), telecast on Saturday, May 6, 2017. (Doc. No. 1 ("Compl.") ¶16.) Plaintiff entered into agreements with sub-licensees to

broadcast the Program for a fee. (Compl. ¶ 17.) Defendants were not authorized to broadcast the Program, but an investigator observed and documented, in a sworn affidavit, the exhibition of the Program at Wings Empire. (Doc. No. 10-3.) The investigator observed five televisions displaying the Program in an establishment with a capacity for approximately 30 people, with 7–15 people present. (Id.) The investigator rated the establishment as "good," and no cover charge was imposed to enter. (Id.)

On March 2, 2018, Plaintiff filed its complaint in this action, alleging (1) violation of 47 U.S.C. § 605, (2) violation of 47 U.S.C. § 553, (3) conversion, and (4) violation of California Business and Professions Code § 17200, et seq. Plaintiff served Defendants with the complaint and summons on March 21, 2018, and April 4, 2018. (See Doc. Nos. 4, 7.) On April 4, 2018, Defendants filed a joint motion for an extension of time to answer the complaint. (Doc. No. 5.) The court granted the motion, giving Defendants until May 5, 2018, to answer or otherwise respond to the complaint. (Doc. No. 6.) Defendants never responded to the complaint. Accordingly, the Clerk of Court entered default against Defendants on June 13, 2018. (Doc. No. 9.) On July 31, 2018, the court granted Plaintiff's motion for default judgment against Defendants with respect to Plaintiff's claims under 47 U.S.C. § 605 and for conversion. (Doc. No. 13.)

## LEGAL STANDARDS

47 U.S.C. § 605(e)(3)(B)(iii) provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." To determine reasonable attorneys' fees, this court must use the lodestar method. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1152 n.4 (9th Cir. 2001) (internal citations omitted). See also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).

///

///

# DISCUSSION

As the prevailing party, Plaintiff requests an award for reasonable fees and costs pursuant to 47 U.S.C. § 605.

**1. Reasonable Attorneys' Fees**

Counsel requests a fee award of $3,796 for work performed by counsel (Thomas R. Riley), an unnamed research attorney, and an administrative assistant.

    **a. Reasonable Hours**

Counsel represents that Mr. Riley billed 3.41 hours, the administrative assistant billed 8.91 hours, and the research attorney billed 4 hours. The court reduces these hours in light of the boilerplate filings in this case and for the reasons discussed below.

The fee applicant bears the burden of demonstrating that the number of hours spent were "reasonably expended" and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. "[C]ounsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).

The court finds 3.01 hours billed by Mr. Riley were reasonable. The time Mr. Riley spent reviewing communications to and from the court is reduced by 0.4 hours. All 4 hours billed by the research attorney are reasonable. The court finds 0.67 hours billed by the administrative assistant were reasonable. The court excludes 1.35 hours from the administrative assistant's time for duplicative tasks performed by Mr. Riley and the administrative assistant. For example, on June 26, 2017, both Mr. Riley and the administrative assistant spent 0.25 hours on "Initial File Review." (Doc. No. 14-2, Exh. 1 at 6.) The administrative assistant's time is reduced by 6.89 hours for time spent on clerical tasks, such as filing and service of documents. See Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors."); J & J Sports Prods., Inc. v. Corona, No. 1:12-CV-01844-LJO, 2014 WL 1513426, at *2 (E.D. Cal. Apr. 16, 2014), report and

recommendation adopted, No. 1:12-CV-01844-AWI, 2014 WL 1767691 (E.D. Cal. May 2, 2014).[1]

### a. Reasonable Rate

Mr. Riley bills at an hourly rate of $500, an unnamed research attorney bills at an hourly rate of $300, and the administrative assistant bills at an hourly rate of $100.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers, 796 F.2d at 1210-11. Generally, the relevant community for determining the prevailing market rate is the forum in which the district court sits. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008).

Counsel does not reference the rates of any other attorneys performing similar work in this district or elsewhere. Courts have calculated a reasonable hourly rate for Mr. Riley between $350 and $500. See, e.g., J&J Sports Prods., Inc. v. Marini, No. 1:16-CV-0477-AWI-JLT, 2018 WL 2155710, at *2 (E.D. Cal. May 10, 2018) (awarding Mr. Riley a $350 hourly rate); Segura, 2018 WL 1868271, at *8 (awarding Mr. Riley a $500 hourly rate).[2] The court finds an hourly rate of $425 for Mr. Riley, $200 for the research attorney, and $100 for the administrative assistant reasonable.

---

[1] The court excludes all hours for entries where clerical services were block billed with other services as the court cannot determine what amount of time was spent on non-clerical tasks. See Fischer v. SJB–P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000).

[2] Other courts have declined to award any fee award as a result of Mr. Riley's failure to support his hourly rate in the forum district. See J & J Sports Prods., Inc. v. Diaz, No. 12-CV-1106-W WMC, 2014 WL 1600335, at *3 (S.D. Cal. Apr. 18, 2014) (declining to award attorneys' fees and discussing other cases declining to award fees because of Mr. Riley's failure to substantiate his hourly rate); J & J Sports Prods., Inc. v. Brummell, No. 15CV2601-MMA (MDD), 2016 WL 3552039, at *1 (S.D. Cal. June 29, 2016) (declining to award attorneys' fees when Mr. Riley failed to substantiate his fee application with documentation of the reasonable rate of other attorneys or billing records). The court declines to do so, but finds a reduced hourly rate reasonable, consistent with Mr. Riley's awarded rate in other cases.

In sum, Plaintiff is awarded $2,146.25 in attorneys' fees ($1,279.25 for Mr. Riley, $800 for the research attorney, and $67 for the administrative assistant).

### 2. Costs

Plaintiff requests $1,209.01 in costs for investigative expenses, courier charges, filing fees, and service of process fees. The court finds $577 in costs reimbursable.

Plaintiffs request $600 in pre-filing investigative fees, citing to a case in which the court noted that the detection of the unlawful interception of broadcasts was a difficult task. See J & J Sports Prods., Inc. v. Cubides, No. CIV. A. H-08-608, 2008 WL 2756401, at *2 (S.D. Tex. July 15, 2008). But the court in Cubides did not award costs for investigative fees. Most courts in this circuit decline to award costs for pre-filing investigative fees under § 605. See, e.g., Marini, 2018 WL 2155710, at *3; Brummell, 2016 WL 3552039, at *2 (collecting cases). The court denies Plaintiff's request for reimbursement of investigative fees. The court also denies Plaintiff's request for reimbursement of $32.01 in courier fees as Plaintiff does not submit any documentation in support of this expense. The $400 filing fee and $177 service of process fees are reasonable and reimbursable.

## CONCLUSION

Plaintiff's motion for attorneys' fees and costs is granted in part. Counsel is awarded $2,146.25 in attorneys' fees and $577 in costs, for a total of $2,723.25.

IT IS SO ORDERED.

DATED: December 10, 2018

JEFFREY T. MILLER
United States District Judge